IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00113-GCM
(3:12-cr-00239-GCM-DCK-24)

| | |
|---|---|
| DENETRIA MYLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* motion to vacate, set aside or correct sentence which is filed pursuant to 28 U.S.C. § 2255. See Rule 4(b) of the Rules Governing Section 2255 Proceedings.

On April 18, 2013, Petitioner and twenty-five others were named in a seven-count, superseding bill of indictment which included allegations related to investment and securities violations, bank and mortgage fraud, wire fraud, and the distribution of controlled substances. Petitioner was charged with one count of racketeering conspiracy (RICO), in violation of 18 U.S.C. § 1962(d) (Count One), and one count of mortgage fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1344 and 2 (Count Three). (3:12-cr-00239-GCM, Doc. No. 158). Petitioner elected to plead not guilty and was convicted on both counts in the superseding indictment following a seven-day jury trial.[1] On February 18, 2015, Petitioner was sentenced to concurrent terms of 51-months' imprisonment and judgment was entered on February 23, 2015.

---

[1] While Petitioner was awaiting her sentencing hearing she filed a § 2255 motion which was dismissed without prejudice on initial review. See Myles v. United States, 3:14-cv-00713-GCM (W.D.N.C. Jan. 7, 2015).

1

(Id., Doc. No. 188: Judgment in a Criminal Case). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit and her appeal is presently pending. United States v. Denetria Myles, No. 15-4107 (4th Cir. Feb. 24, 2015).

On March 6, 2015, Petitioner filed the present § 2255 petition seeking relief from her criminal judgment. Petitioner claims that she received ineffective assistance of trial counsel arguing, among other things, that her counsel failed to properly prepare her case and failed to explore possible defenses. Petitioner also appears to raises various challenges to the evidence presented at trial by making arguments regarding the statute of limitations and lack of jurisdiction. (3:15-cv-00113-GCM, Doc. No. 1).

Petitioner contends that this Court should consider the merits of her § 2255 motion because it was filed within one year of her conviction and there are extraordinary circumstances. (Id. at 2). The Court disagrees. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides, in relevant part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner's judgment is not final and her case is pending on direct appeal therefore this Court will dismiss this § 2255 motion without prejudice and she may file another § 2255 motion after her judgment becomes final.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED**

**without prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 21, 2015

Graham C. Mullen
United States District Judge